Wu v. Whitaker

BIA
Hom, IJ
A088 526 169

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of January, two thousand nineteen.

PRESENT:
>          PETER W. HALL,
>          RAYMOND J. LOHIER, JR.,
>          CHRISTOPHER F. DRONEY,
>               *Circuit Judges.*

_____

MEI PING WU,
>          *Petitioner,*

>     v.                                    16-3614
>                                           NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
>          *Respondent.*

_____

FOR PETITIONER:          Dehai Zhang, Flushing, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Shelley R. Goad,
                         Assistant Director; Kristin
                         Moresi, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mei Ping Wu, a native and citizen of the People's Republic of China, seeks review of an October 5, 2016 decision of the BIA affirming an August 5, 2015 decision of an Immigration Judge ("IJ") denying Wu's application for asylum. *In re Mei Ping Wu,* No. A088 526 169 (B.I.A. Oct. 5, 2016), *aff'g* No. A088 526 169 (Immig. Ct. N.Y. City Aug. 5, 2015). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir. 2008). Wu does not challenge the agency's decisions related to her family planning claim; accordingly, the only issue before us is the agency's denial of asylum based on Wu's fear of future religious persecution. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (claim not raised

2

in brief is abandoned).

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To demonstrate a well-founded fear, an applicant must show either a reasonable possibility that she would be singled out for persecution or that the country of removal has a pattern or practice of persecuting individuals similarly situated to her. 8 C.F.R. § 1208.13(b)(2)(iii). "[The] alien must make some showing that authorities in h[er] country of nationality are either aware of h[er] activities or likely to become aware of h[er] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

Wu did not assert that Chinese officials are aware of her religious practice. And, given that approximately 45 million individuals practice in unregistered churches in China, the agency did not err in finding that she failed to demonstrate that Chinese officials are likely to discover her practice as required. *See id.* Further, in some areas of China religious practice is tolerated without interference. Therefore, the agency did not err in determining that Wu

3

failed to demonstrate "systemic or pervasive" persecution of similarly situated Christians sufficient to demonstrate a pattern or practice of persecution in China. *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (citation omitted); *see also Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (denying petition where agency considered background materials and rejected pattern-or-practice claim).

Accordingly, because the agency reasonably found that Wu failed to demonstrate a well-founded fear of future persecution, it did not err in denying asylum based on her religious practice. *See* 8 C.F.R. § 1208.13(b)(2). Given the agency's dispositive finding, we do not reach the agency's alternative determination that Wu was not credible.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

4